MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7241
    FAX: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 12-0089 EMC |
| Plaintiff, | THE UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| GIUSEPPE PENZATO and KESIA PENZATO, | Date: May 8, 2013 |
| Defendants. | Place: Courtroom 5, 17th Floor |
| | Time: 2:30pm |

## INTRODUCTION

Defendants Giuseppe and Kesia Penzato come before the Court to be sentenced on their guilty plea to a misdemeanor Information charging conspiracy to possess an identification document of the United States that had been produced without lawful authority, in violation of 18 U.S.C. §§ 1028(a)(6) and (f). The parties have entered into plea agreements, under Fed.R.Crim.P. 11(c)(1)(C), recommending a sentence of five years' probation and restitution of $13,000 to the victim identified as C.D.S. in the Information and plea agreements.

The United States urges the Court to accept the plea agreements and sentence the Penzatos as set forth therein.

## FACTUAL BACKGROUND

This case involves the Penzatos' employment of C.D.S. as a domestic servant between August and November 2009, under a visa that allows diplomatic, consular, or other officials representing foreign governments in the United States to bring personal employees, such as domestic servants, into the United States.[1] This visa does not allow the personal employee to work for anyone other than the employer who has sponsored the visa. When the Penzatos entered the United States with C.D.S. in 2009, Mr. Penzato possessed an I-94 Department of Justice Arrival and Departure Record for C.D.S.. The Penzatos knew that the I-94 had been produced without lawful authority because they planned for C.D.S. to work not just for them but for another family as well, which was contrary to the terms of C.D.S.'s visa.

As originally filed and described in the Indictment and affidavit supporting the Complaint, this case concerned the conditions of C.D.S.'s employment while working for the Penzatos. Those allegations are not part of the current charge, or of the plea agreement before the Court. The agreed restitution amount, however, is based on the government's calculation of pay that the Penzatos owe C.D.S. for time spent working for them in 2009. C.D.S. has a civil lawsuit pending against the Penzatos in this District, which concerns issues not resolved here, such as C.D.S.'s working conditions and additional alleged damages.

## SENTENCING GUIDELINES

At the beginning of the sentencing process, the Court must properly calculate the sentencing guidelines range, based on the defendant's Criminal History Category and the guidelines applicable to the defendant's particular offense. The parties agree that the appropriate offense level is six. The plea agreements do not include an agreement as to the Criminal History Category, and the case has not been referred to Probation. The Penzatos represent that they have no criminal history, and the United States has no reason to dispute this assertion.

The applicable sentencing guidelines range for a defendant at offense level six with no criminal history is zero to six months' imprisonment. This is a Zone A sentence, meaning that a sentence of

---

[1] Mr. Penzato works for the Italian Consulate in San Francisco; Mrs. Penzato is his wife.

probation is authorized. The offense of conviction is a Class A misdemeanor, for which the maximum term of probation is five years. 18 U.S.C. §§ 3559(a)(6) and 3561(c)(2).

## SENTENCING RECOMMENDATION

The United States urges the Court to accept the parties' plea agreements and sentence the Penzatos to five years' probation and order restitution as set forth in the agreements. This sentence fulfills the sentencing goals set forth in 18 U.S.C. § 3553(a) because it provides just punishment for the offense of which the Penzatos were convicted and should deter them from further criminal conduct.

Attorneys for C.D.S. have filed a motion asking the Court to continue this sentencing so that they can participate. The Penzatos oppose this motion. The United States takes no position on this motion. Under 18 U.S.C. § 3771(b)(3), it is the Court's obligation to "make every effort to permit the fullest attendance possible by the victim and [to] consider reasonable alternatives to the exclusion of the victim from the criminal proceeding."

## CONCLUSION

The United States recommends that the Court sentence Giuseppe Penzato and Kesia Penzato to five years' probation, and order them to pay restitution as set forth in the parties' plea agreements.

DATED: May 1, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
_____
OWEN P. MARTIKAN
Assistant United States Attorney